NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————— :
:
JESUS and LIGAYA FLORES, RAUL   :      **Hon. Dennis M. Cavanaugh**
and MARLENE ISIP, JUAN MUNOZ,   :
PEDRO LOPEZ, SANDRIA MERIDA,   :         **OPINION**
JOSE RODRIGUEZ, SUSAN   :
HALEDONE, MAXIMO and SUZETTE   :    Civil Action No. 11-CV-05525 (DMC)(JAD)
NAPULI, CESAR PALLAZHCO,   :
:
        Plaintiffs,   :
:
          v.   :
:
HSBC, ABC COMPANY 1-10,   :
:
        Defendant.   :
————————————————————

DENNIS M. CAVANAUGH, U.S.D.J.

      This matter comes before the Court upon motion by Defendant HSBC ("Defendant" or

"HSBC") to dismiss Plaintiffs' Jesus and Ligaya Flores (the "Flores"), Raul and Marlene Isip (the

"Isips"), Juan Munoz ("Munoz"), Pedro Lopez ("Lopez"), Sandria Merida ("Merida"), Jose

Rodriguez ("Rodriguez"), Susan Haledone ("Haledone"), Maximo and Suzette Napuli (the

"Napulis"), and Cesar Pallazhco ("Pallazhco")(collectively "Plaintiffs") Complaint, pursuant to FED.

R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering

the submissions of all parties, it is the decision of this Court for the reasons herein expressed that

Defendant's motion to dismiss is **granted**.

      **I.**        **BACKGROUND**[1]

———————————

     [1] The facts set-forth in this Opinion are taken from the Parties' statements in their
respective moving papers.

This case arises out of the alleged predatory lending practices perpetrated by Defendants during mortgage transactions entered into with Plaintiffs on their subject properties. Pls.' Compl. ¶ 2.  Plaintiffs allege numerous Federal and State law claims, including but not limited to the Federal Truth in Lending Act and Regulation Z, the Federal Real Estate Settlement Procedures Act, the Home Ownership and Equity Protection Act, the Federal Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Practices Act, the Fair Credit Report Act, State and Federal High Cost Loan Statutes, the New Jersey Consumer Fraud Act, the New Jersey Lenders' Liability Law, the New Jersey RICO statutes, breach of contract, fraud and misrepresentation, negligence, among others. Pls.' Compl. ¶ 2.  Defendant HSBC ("HSBC") is a mortgage loan originator in the United States and is named in the Complaint as a parent company of its acquired lenders or subsidiaries residential mortgage-lending operations, as well as on the belief that HSBC directed, participated in and/or influenced the setting and establishing of credit-relating policies and underwriting guidelines and practices used by each of the other Defendants.  Pls.' Compl. ¶ 11. Plaintiffs' Complaint provides ABC Company 1-10 as the alleged subsidiaries of HSBC. Pls.' Compl. ¶ 13.

The Complaint in the instant matter was filed following the dismissal of the class action suit in Almazan, et al v. 1st 2nd Mortg. Co. Of N.J., Inc., et al., Civ.A.No. 10-1336, ECF No. 191.  The complaint in Almazan was dismissed without prejudice on the grounds that Plaintiffs failed to adequately put any Defendants on notice of any specific claims. (Civ.A.No. 10-1336, Opinion adopting Report and Recommendation June 2, 2011, at p. 7, ECF No. 185).  Specifically, the Court noted that Plaintiffs' Complaint "[did] not inform any reader what the Defendants did wrong, to whom they did it, or when they did it."Id.  Plaintiffs were directed to re-file separate complaints against only those defendants that were involved in their respective loans.  Further, Plaintiffs were

admonished, under the principles of Younger Abstention, to consider the existence of any pending state foreclosure, or federal bankruptcy proceedings, in determining whether to file a federal law suit. Id. at 9.   Finally, the Court found Defendants' arguments regarding Plaintiffs' counsel's failure to comply with the Local Civil Rule 11.2, which directs a party to disclose whether the matter in controversy is the subject of any other action pending in any court, were well founded. Id.  The Court warned that "[a] second round of non-compliance with that Rule will result in sanctions upon the filing of the appropriate motions." Id.

For the following reasons, this Court  finds that Plaintiffs have failed to adequately plead a claim upon which relief can be granted and Defendants Motion to Dismiss is **granted.**

**II.**     **MOTION TO DISMISS**

**A.**     **LEGAL STANDARD**

1.     Standard of Review for Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(6)

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the  [Plaintiff]."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted).  "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).  Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level."

Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

2.    FED. R. CIV. P. 9(b)

Fraud-based claims are subject to FED. R. CIV. P. 9(b). Dewey v. Volkswagon, 558 F. Supp. 2d 505, 524 (D.N.J. 2008) ("[New Jersey Consumer Fraud Act] claims 'sounding in fraud' are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)."). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." A plaintiff must state the circumstances of the alleged fraud "with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Lum v. Bank of America, 361 F.3d 217, 223-224 (3d Cir. 2004). To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id.

B.    DISCUSSION

4

1.     <u>Pleading Sufficiency of Plaintiffs' Complaint Under Rules 8(a) and 9(b)</u>

Plaintiffs' Complaint suffers from many of the same pleading deficiencies that were noted in the Almazan case, and must therefore be dismissed.  As previously noted, this Court explained that the complaint in <u>Almazan</u> "[did] not inform any reader what the Defendants did wrong, to whom they did it, or when they did it." Although Plaintiffs have cured the "who" deficiencies by filing a separate complaint against those defendants who were allegedly involved in their respective loans, Plaintiffs' Complaint in this action remains deficient regarding the "what" and "when" of Defendants alleged conduct.  Such pleading deficiencies fail to properly place Defendants on notice of "any specific acts that it or [its subsidiaries] committed during the course of its mortgage transactions with Plaintiffs." <u>Gutierrez v. TD Bank</u>, No. 11-5533, 2012 U.S. Dist. LEXIS 10724, at *11. (D.N.J. Jan. 27, 2012).

The only specific allegations raised against Defendant HSBC with respect to each Plaintiff are as follows: HSBC was in a line of lenders/servicers that provided Jesus and Ligaya Flores with a mortgage origiprovided by Opteum Financial Services, LLC; HSBC Bank USA, NA was among the lenders and/or assignees that provided Pedro Lopez with a mortgage originally provided by Montgomery Mortgage Capital Corporation of New Jersey; that Plaintiff Sandra Merida refinanced her home with a mortgage from HSBC together with their successors and assigns, and such lenders would later declare the mortgage in default; Fabian Cortez refinanced his residence with a mortgage secured through HSBC and MERS, Inc. and the mortgagees would later declare the mortgage in default on 7/1/2010; Rodriguez Jose Susan Haledon refinanced their residence with a first mortgage from HSBC on 5/29/2008, the mortgage was provided by HSBC in a line of lenders, the funding fees for the transaction included two broker fees, one of which was paid to HSBC for $4,343 outside of closing, and HSBC received a Commitment Fee of $525; and HSBC was among the other

banks/lenders/assignees involved in a mortgage secured by Pallazhco Cesar from IndyMac Federal and the lenders would later declare the mortgage in default on 11/8/2008.  No specific factual allegations against HSBC were provided for Plaintiffs Raul and Marlene Isip[2] or Juan Munoz.[3]  The only other actual facts that Plaintiffs allege concern the mortgages received by Plaintiffs on their respective homes.  The remainder of the allegations against Defendants are aptly designated by Plaintiffs as "general" as they provide no specific conduct on the part of Defendants.

As a preliminary matter, and as highlighted above, this Court notes that Plaintiffs' Complaint contains a dearth of specific allegations regarding the conduct of HSBC or its purported subsidiaries. Rather, Plaintiff provides a series of vague legal conclusions couched as factual allegations which are plainly insufficient to survive a motion to dismiss.  Notably, the Third Circuit has held that "[a]lthough a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently 'permit the court to infer more than the mere possibility of misconduct.'" Guirguis v. Movers Specialty Servs., 346 Fed. App'x. 774, 777 (3d Cir. 2009), citing Iqbal, 129 S.Ct. at 1950.  Here, Plaintiffs' Complaint is almost entirely a recitation of legal conclusions closely mirroring the language of the statutes they claim Defendants violated. Indeed,  Plaintiff's Complaint does more to inform this Court of the state of the law than it does to inform the Court of the facts upon which Plaintiffs' claims are based.  Such pleading leaves this Court unable to discern the appropriate causes of action for which Defendants might plausibly be

---

[2]In fact, no factual allegations whatsoever were provided regarding Raul and Marlene Isip.  The allegation that the Isip Plaintiffs "[h]ave a similar situation with the rest of Plaintiffs given here" is woefully insufficient and clearly cannot serve as a basis for any claims for relief.

[3]Plaintiffs allege that the Munoz mortgage was secured from WMC Mortgage Corp. and Defendant HSBC was not among those named as the Lenders and/or Assignees for the loan. Rather, Plaintiffs named "WMC Mortgage Corp., MERS, Inc., US National Bank, Homeq Loan Servicing/GMAC Bank FSB, and their successors & assigns."

held accountable.   Moreover, such pleading leaves this Court with the impression that either Plaintiffs are unable to identify the true nature of the causes of action they allege, or that Plaintiffs allege that Defendants have violated each of the noted statutes in virtually every way conceivable. Plaintiffs must provide some grounds upon which this Court may assess the sufficiency of each of the provided claims, yet they have failed do more than vaguely allege that Defendant was a participant at some time in one Plaintiff's mortgage transaction. Pleading the details of Plaintiffs loans with only a general allegation that Defendants were somehow involved is plainly insufficient. Accordingly, this Court finds that the entirety of Plaintiffs' Complaint fails to plead with the requisite particularity to satisfy even the liberal pleading standards of Rule 8(a), let alone the heightened pleading standard for Plaintiffs' fraud-based allegations under Rule 9(b).

In further support of dismissal, this Court refers to the Opinion of Honorable Jose Linares, Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724 (D.N.J. Jan. 27, 2012), in which the Court dismissed a complaint similar to that in issue here.[4]   A brief summation of the most relevant conclusions drawn from the Gutierrez opinion is provided in further support of the instant decision.[5]

Based on virtually identical allegations advanced as those provided in the instant suit, Judge

---

[4]The facts and circumstances of the instant action are remarkably similar to those addressed by Hon. Jose Linares in the case of Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724 (D.N.J. Jan. 27, 2012).  In fact, both the filing of the instant Complaint as well as that of the Gutierrez was the result of the dismissal and directive of the Almazan case discussed previously.  Even more remarkable is the fact that the counts alleged in Gutierrez are identical to those alleged here, down to their numeric order.  Judge Linares expressed concern that This Court finds that the discussion provided in the Gutierrez opinion aptly addresses the concerns raised with the instant Complaint.

[5]As this Court finds that the motion to dismiss should be granted for the reasons herein expressed, the Court declines to address the statute of limitations argument raised by Defendant and addressed by Judge Linares in the Gutierrez opinion. Similarly, this Court declines to address the arguments raised by Defendants concerning abstention.

7

Linares found that Plaintiffs' complaint failed to comply with the pleading requirement of Rule 8(a).[6] Notably, Judge Linares found that "as a general matter, the paragraphs in the complaint [did] not adequately put Defendant [ ] on notice of any specific claims linked to specific acts that it or the John Doe Defendants committed during the course of its mortgage transactions with the Plaintiffs." Gutierrez v. TD Bank, 2012 U.S. Dist. LEXIS 10724, at * 11.  Rather, the Court found that the specific facts provided concerning the mortgage transactions between Defendant and Plaintiffs were "scarce," "while the Complaint extensively states and restates legally conclusory statements regarding Defendant's wrongful conduct as defined exclusively within the terms of the relevant statutes or case law authority."Id. at *17.  Finally, the Court took issue with the fact that Plaintiffs' opposition failed to cite to any paragraphs in the complaint "wherein facts relevant to their alleged claims are discernable." Id. at *18.  Each of the deficiencies noted above are present in the instant Complaint and therefore warrant dismissal.

With respect to the Gutierrez plaintiff's fraud-based claims, Judge Linares addressed the argument, similarly raised here, that the requirements of Rule 9(b) should be relaxed for

---

[6]A summary of the deficiencies of the Complaint dismissed in Gutierrez demonstrates that they are virtually identical to those raised here.  In relevant part, Judge Linares commented:

> Plaintiffs do not indicate, for example: which exact disclosures required by law were not provided; the nature and extent of any credit reporting which occurred by Defendants in violation of federal law; what, if anything, was inaccurate about such reporting; the substance of any written notices to Plaintiffs which violated their rights under state law; which terms of any contract were breached by Defendants; the nature of the emotional distress suffered by Plaintiffs; what, if any, benefit Defendants may have obtained due to alleged inaccuracies represented to    Plaintiffs as amounts owed for any loans; what representations, if any, Plaintiffs made to Defendants regarding their financial circumstances and their "ability to repay" justifying their allegations regarding Defendants predation, and so on."

Gutierrez, 2012 U.S. Dist. LEXIS 10724, at * 17-18.

circumstances where factual information is exclusively within the opposing party's knowledge or control.  The Court found the rule cited by Plaintiffs to be inapplicable under the circumstances, and this Court agrees.  As noted by Judge Linares,

> Plaintiffs need only state with particularity the who, what, when and where of the false misrepresentations or omissions made by Defendants <u>based on their familiarity with said misrepresentations as experienced by them in the mortgage transactions</u> . . .

<u>Id.</u> at 25-26 (emphasis added).  There, as here, "those facts are both within the Plaintiffs' control and need not be enumerated in every detail or with respect to each and every instance to meet the heightened pleading standard for fraud-based claims."  <u>Id.</u>  Just as the <u>Gutierrez</u> plaintiff was not relieved of its obligation to plead claims of fraud with specificity under Rule 9(b), Plaintiffs here will not be so relieved.

Finally, this Court notes that several of the claims common to both the <u>Gutierrez</u> and the instant action were dismissed in <u>Gutierrez</u> as not cognizable as a matter of law. 2012 U.S. Dist. LEXIS 10724, at *35.  Such claims include (1) furnishing inaccurate information to credit agencies (Count 5); (2) failure to correct inaccurate reporting (Count 6); (3) failure to provide required notices and disclaimers (Count 7); (4) predatory and negligent lending (Counts 10 and 28); (5) New Jersey Licensed Lenders Act (Count 11); and (6) unfair business practices (count 16).  The Court in Gutierrez found that the aforementioned counts should be dismissed on the grounds that they were redundant or failed to cite to any law or statute supporting a claim independent of the claims already raised.[7]  The Court therefore dismissed the aforementioned claims without prejudice "to Plaintiffs' amendment of any claims asserted therein which do not duplicate other claims already stated in Plaintiff's compliant."  <u>Id.</u> at *40.  This Court echoes the conclusions drawn in <u>Gutierrez</u> regarding

---

[7]With respect to Plaintiffs' New Jersey Licensed Lenders Act claim, the Court dismissed the count with prejudice on the grounds that Defendant was a federally chartered bank and was therefore exempt from liability under the Act. <u>Id.</u> at *39.

the aforementioned claims in further support of its decision to dismiss the Complaint in this action.

### 2.    Piercing the Corporate Veil

The factual deficiencies of Plaintiffs' Complaint similarly render it unable to hold HSBC liable as parent company for any alleged wrongs committed by its subsidiaries.  Under New Jersey law "piercing the corporate veil is an equitable remedy through which the Court may impose liability on an individual or an entity normally subject to the limited liability protections of the corporate form." The Mall at IV Grp. Props., L.L.C. v. Roberts, No. 02-4692, 2005 WL 3338369 at *3 (D.N.J. Dec.8, 2005). To pierce the corporate veil two elements must be shown: (1) There must be such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote an injustice. Roberts, 2005 WL 3338369, at *3. Piercing the corporate veil is an extraordinary measure and will only be permitted where the elements have been adequately pled. See Wrist Worldwide Trading GMBH v. MV Auto Banner, No. 10-2326, 2011 WL 5414307, at *5-6 (D.N.J. Nov. 4, 2011)("Parroting of the alter-ego factors alone is insufficient to satisfy the required pleading standards.")

In Craig v. Lake Asbestos of Quebec, Ltd., 843 F.2d 145 (3d Cir. 1988) the Third Circuit listed six non-binding factors to serve as a guide to determine the unity of interest prong: gross undercapitalization; failure to observe corporate formalities and nonpayment of dividends; the insolvency of the debtor corporation at the time; siphoning of funds of the corporation by the dominant stockholder; non-functioning of other officers or directors; absence of corporate records; and whether the corporation is merely a facade for the operations of the dominant stockholder or stockholders. The standard to establish the fraud or injustice element is less exacting, as a plaintiff need not prove a common law fraud but must demonstrate that the defendants, via the corporate

10

form, perpetrated a fraud, injustice or the like. <u>Chen v. HD Dimension, Corp.,</u> No. 10-863, 2010 WL 4721514 at *4 (D.N.J. Nov. 15, 2010).

Here, the Plaintiffs allege that the promotion of an injustice would occur if the corporate veil is not pierced. Plaintiffs' allegations only provide facts which may be construed to satisfy the fraud or injustice prong, but fail to allege any facts to establish a unity of interest and ownership between HSBC and its subsidiaries. Given that piercing the corporate veil is an extraordinary measure and will only be allowed where the elements are adequately pleaded in the Complaint, piercing the corporate veil shall not be permitted in the instant case.

### III.   <u>CONCLUSION</u>

Accordingly, as we find that Plaintiffs have failed to state a claim upon which relief can be granted,  Defendant's motion to dismiss is **granted without prejudice**.

    <u>S/ Dennis M. Cavanaugh</u>

DENNIS M. CAVANAUGH, U.S.D.J.

Date:       June  28 . 2012
cc:          All Counsel of Record
              Hon. J. A. Dickson, U.S.M.J.
              File

11